UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

DESMOND M. NGOMBA,
    Plaintiff,

        v.                      CIVIL ACTION NO. 18-11352-MPK

TONG OLEE,
  Director of Residential Service,
MELISSA ACELLO,
  Cluster Manager,
SUSAN BUNHAM,
  Regional Director, Boston,
RESOURCES FOR HUMAN
DEVELOPMENT (RHD),
    Defendants.

KELLEY, U.S.M.J.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS (#16).

I. Introduction.

Pro se plaintiff Desmond M. Ngomba alleges defendants[1] Melissa Acello, Susan Bunham, Tong Olee, and Resources for Human Development (RHD) have discriminated against him based on his national origin, and violated the Family Medical Leave Act (FMLA). (#1 at 3.) This matter is before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (#16.) Plaintiff has filed an opposition to the motion. (#28.)

---

[1] According to defendants' counsel, Resources for Human Development, Inc. is incorrectly identified in the complaint as Resources for Human Development RHD. Likewise, Melissa Robert, f/k/a Melissa Aiello, is misidentified in the caption as Melissa Acello and Susan Burnham is improperly named as Susan Bunham. (#17 at 1 n.1.)

1

II. The Facts.

The factual allegations in the complaint are accepted as true and taken in the light most favorable to plaintiff, the non-moving party. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). Ngomba is a naturalized United States citizen from Cameroon living in Somerville, Massachusetts. (#1 at 1, 3.) Plaintiff contends Tong Olee, the Director of Residential Services at RHD, is "Chinese American" and Melissa Acello, a Cluster Manager at RHD, and Susan Bunham, a Regional Director at RHD, are of "White American origin." *Id*. at 3. Ngomba formerly worked for RHD at a residential group home in Somerville, Massachusetts. *Id.* at 4. Plaintiff was terminated from his employment on November 5, 2017. *Id.* at 4-5.

According to Ngomba, defendants discriminated against him because of his national origin and retaliated against him after he reported workplace safety concerns to his manager. *Id.* at 5. In plaintiff's view, he was treated differently than his co-workers, whose nationalities are not identified in the complaint. *Id.* Plaintiff seems to suggest that one of his managers considered him to be a "whistleblower" after plaintiff reported "issues of serious safety" affecting clients in his care. *Id.*

By way of relief, Ngomba seeks $300,000 in monetary damages resulting from "serious economic hardship and financial loses [sic] of income to properly care for [his] family." *Id.* at 4-5.

In their motion to dismiss, defendants contend first, plaintiff has failed to exhaust his administrative remedies as required under federal and state law, and second, he has not adequately pled that they denied him leave to which he entitled to under the FMLA. (#17.) In his opposition, plaintiff alleges additional details, and attaches several exhibits, purportedly to provide factual support for his claims. (#28.)

III. The Applicable Law.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint. A court must "accept as true all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *Keach v. Wheeling & Lake Erie Ry. Co. (In re Montreal, Me. & Atl. Ry., Ltd.)*, 888 F.3d 1, 6 (1st Cir. 2018); *González v. Vélez*, 864 F.3d 45, 50 (1st Cir. 2017). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011) (citing *Banco Santander de P.R. v. Lopez-Stubbe* (*In re Colonial Mortg. Bankers Corp.*), 324 F.3d 12, 15 (1st Cir. 2003)); *In re Montreal,* 888 F.3d at 7 n.2.

While a pro se complaint is to be liberally construed, *see Woods v. Covidien LP*, No. 15–30094–MGM, 2016 WL 2733102, at *2 (D. Mass. May 10, 2016), to survive a Rule 12(b)(6) motion to dismiss, plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The First Circuit recently explained:

> The plausibility standard requires a court to choreograph a two-step pavane. *See A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). First, the court must "strip away and discard the complaint's conclusory legal allegations." *Shay v. Walters*, 702 F.3d 76, 82 (1st Cir. 2012). Second, "the court must determine whether the remaining facts allow it 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Backpage.com, LLC*, 817 F.3d 12, 24 (1st Cir. 2016) (quoting *Morales–Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)).

*In re Montreal,* 888 F.3d at 6. After undertaking this exercise, "[d]ismissal is warranted when a complaint's factual averments are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.'" *Id.* (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

A complaint must also meet the requirements of Rule 8, which mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must include "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Investments. v. AMAG Pharmaceutical., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (citation and further internal quotation marks omitted)); *Barbosa v. Commonwealth of Massachusetts*, No. CV 14-13439-ADB, 2016 WL 3976555, at *2 (D. Mass. July 22, 2016). This means that the statement of the claim must "'at least set forth minimal facts as to who did what to whom, when, where, and why.'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)). Although the requirements of Rule 8(a)(2) are minimal, "'minimal requirements are not tantamount to nonexistent requirements.'" *Id*. (quoting *Gooley v. Mobil Oil Corp*., 851 F.2d 513, 514 (1st Cir. 1988)).

IV. <u>Discussion</u>.

A. The Federal Claims.

   1. The Title VII Claim.

Ngomba appears to be asserting claims under Title VII of the Civil Rights Act of 1964. Title VII prohibits employers from discriminating "against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin . . ." 42 U.S.C. § 2000e-2(a)(1). "Title VII is central to the federal policy of prohibiting wrongful discrimination in the Nation's workplaces and in all sectors of economic endeavor." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). The First Circuit has repeatedly held that "a federal court will not entertain employment discrimination claims brought under Title VII unless administrative remedies have first been exhausted." *Rodriguez v. United States*, 852 F.3d 67, 78 (1st Cir. 2017) (citing *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009)); *see Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) (failing to exhaust administrative remedies "effectively bars the courthouse door.").

In order to establish that a Title VII claim has been exhausted, a plaintiff must demonstrate that he timely filed a charge with the EEOC, and that he was in receipt of a right-to-sue letter from the agency. *See Jorge*, 404 F.3d at 564. A Title VII claim filed before a plaintiff obtains a right-to-sue notice from the EEOC is not exhausted, and so is barred from proceeding in federal court. *See Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008) ("Administrative remedies could not be considered to have been exhausted, however, until the EEOC issued Franceschi a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1)."); *Taite v. Bridgewater State Univ.*, 236 F. Supp. 3d 466, 477-78 (D. Mass. 2017) (finding a litigant bringing federal Title VII discrimination claim did not exhaust her administrative remedies since she did not receive a right-to-sue letter from the EEOC); *Goldstein v. Brigham & Women's Faulkner Hosp., Inc.*, 80 F. Supp. 3d 317, 323-24 (D. Mass. 2015).

In this case, Ngomba has not alleged that he has received a right-to-sue letter issued by the EEOC. Because administrative remedies have not been exhausted, the court does not have jurisdiction over the Title VII claim. Plaintiff's federal discrimination claim will be dismissed,

without prejudice, and with leave to refile upon receipt of a right-to-sue letter from the EEOC. *See Taite*, 236 F. Supp. 3d at 478 (citing *Lebron–Rios v. U.S. Marshal Service*, 341 F.3d 7, 14 (1st Cir. 2003)) ("[T]his court has repeatedly preferred dismissal without prejudice in analogous circumstances" of failure to exhaust administrative remedies).

### 2. The FMLA claims.

The FMLA allows qualifying employees to take up to twelve weeks of unpaid leave for specified family and medical reasons. 29 U.S.C. §§ 2601-2654. Under the statute, it is unlawful for employers to discriminate against employees for taking such leave by retaliating against them. 29 U.S.C. § 2615(a). Ngomba seems to allege two violations of the FLMA: an interference claim, i.e., he was denied his right to FMLA leave, and a retaliation claim, i.e., he was discharged for trying to exercise his FMLA rights. (#1 at 3, 5.)

#### a. Interference Claim.

"[T]he FMLA makes it 'unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise' such rights. 29 U.S.C. § 2615(a)(1). Under this provision, employees may assert so-called "interference" claims alleging deprivations of their substantive rights." *Germanowski v. Harris*, 854 F.3d 68, 72 (1st Cir. 2017) (citing *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 331 (1st Cir. 2005)); *Chacon v. Brigham & Women's Hosp.*, 99 F. Supp. 3d 207, 214 (D. Mass. 2015). To establish an FMLA interference claim, Ngomba must allege (1) he was eligible for the FMLA's protections; (2) the FMLA covered his employer; (3) he was entitled to leave under the FMLA; (4) he gave his employer notice of his intention to take leave; and (5) his employer denied his FMLA benefits. *See Carrero–Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 722 n.8 (1st Cir. 2014); *Chacon*, 99 F. Supp. 3d at 213.

When the complaint does not have "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery," dismissal for failure to state a claim is proper. *Doe v. Town of Wayland*, 179 F. Supp. 3d 155, 163 (D. Mass. 2016) (internal citation and quotation marks omitted). Here, the only reference in the complaint to the FMLA is the allegation that someone denied it. (#1 at 3, 5.) Plaintiff claims to have "more than substantial evidences [sic], witnesses and copies of letters/emails." (#1 at 5.) However, if plaintiff wishes to rely on these documents in alleging his claims, they must be incorporated as exhibits into his complaint.[2] *See Giragosian v. Ryan*, 547 F.3d 59, 65–66 (1st Cir. 2008). Plaintiff's threadbare complaint does not set forth facts sufficient to make out a FMLA interference claim.

  b. Retaliation Claim.

The First Circuit has explained that it is permissible for "employees to advance claims under a 'retaliation' theory based on their employers' 'use [of] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.' 29 C.F.R. § 825.220(c)." *Germanowski*, 854 F.3d at 72 (further citation omitted). An employer who terminates an employee for "exercising or attempting to exercise [his] FMLA rights" has

---

[2] The First Circuit has repeatedly cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein… [T]here is a narrow exception for certain documents that the parties agree are authentic and that are central to the plaintiff's claims." *Graf v. Hospitality Mut. Ins. Co.,* 754 F.3d 74, 76 (1st Cir. 2014) (internal citation and quotation marks omitted). That said, "[w]hen . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (internal citations, quotation marks and alterations omitted), *cert. denied*, 555 U.S. 995 (2008); *Yacubian v. U.S.*, 750 F.3d 100, 102 (1st Cir. 2014); *United Auto., Aerospace, Agr. Implement Workers of America Intern. Union v. Fortuno*, 633 F.3d 37, 39 (1st Cir. 2011).
  The unverified exhibits in plaintiff's opposition (#28) to defendants' motion to dismiss do not fall within the parameters of this exception and may not be considered. For example, in his opposition, plaintiff appears to have attached an employment schedule, time off requests forms, and several emails, but the source, validity, and relevance of these documents is unknown and unexplained. The documents are not specifically identified in the complaint, nor are they attached as exhibits to the complaint.

committed a retaliatory act. *Chacon*, 99 F. Supp. 3d at 214. For an FMLA retaliation claim, Ngomba must allege (1) he availed himself of a protected FMLA right; (2) he was "adversely affected by an employment decision;" and (3) "there was a causal connection between [his] protected conduct and the adverse employment action." *Germanowski,* 854 F.3d at 73 (quoting *Orta–Castro v. Merck, Sharp & Dohme Quimica P.R., Inc.,* 447 F.3d 105, 113–14 (1st Cir. 2006)). He must also allege a retaliatory motive by the employer. *See Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 159–60 (1st Cir. 2017).

Here, plaintiff has not alleged having a serious health condition making him unable to perform the functions of his employment, nor does he allege he needed to take leave to care for a qualified relative. *See* 29 U.S.C. § 2612 (a)(1)(C) (FMLA protects eligible employees taking leave to care for themselves or a spouse, child, or parent, if those individuals have a serious health condition). Plaintiff does not allege the defendants denied his FMLA claim or were aware of his request for leave. *Carrero-Ojeda*, 755 F.3d at 719; *see Germanowski*, 854 F.3d at 73 (holding employee's allegations were insufficient to state a claim for FMLA retaliation when an assertion of FMLA rights does not plausibly appear to have been made). The allegations are inadequate to explain the context in which his FMLA leave was denied, and how it relates to his termination. *See Carrero-Ojeda*, 755 F.3d at 719-20 (finding a claim could not be pushed across the plausibility threshold when it lacked a connection between the taking of FMLA leave and termination - noting that calling one's discharge retaliatory is a conclusory statement that must be set aside). There are no facts to support a causal connection between Ngomba's supposed attempt to exercise FMLA rights, the denial of those rights, and his termination. *Medina–Rivera v. MVM, Inc.*, 713 F.3d 132, 139 (1st Cir. 2013) ("To succeed on a retaliation claim… the employee must show that the retaliator knew about [his] protected activity—after all, one cannot have been motivated to retaliate

by something he was unaware of."). Plaintiff has not alleged the date of his FMLA request or its later denial. Ngomba gives no facts, beyond the timing of his discharge, which would suggest the defendants took his FMLA requests into account in deciding to discharge him. *See Carrero-Ojeda*, 755 F.3d at 720 (giving "negative comments, complaints, or expressions of reluctance" by superiors about taking FMLA leave as examples that may support a causal inference.). In sum, Ngomba has failed to allege facts sufficient to state a viable FMLA retaliation claim.

B. <u>The State Law Claim</u>.

Ngomba additionally alleges a state-law claim for discrimination under Massachusetts law. *See* Mass. Gen. Laws Ann. ch. 151B, § 4 ("It shall be an unlawful practice: 1. For an employer, by himself or his agent, because of the race, color, religious creed, national origin, sex, gender identity, sexual orientation, ... genetic information, pregnancy or a condition related to said pregnancy, … ancestry or status as a veteran of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.").[3] Because the federal claims are being dismissed, the court will not exercise supplemental jurisdiction over the state-law claim. *See Freeman v. Town of Hudson*, 849

---

[3] The state-law claim differs from the federal claim:

> Under chapter 151B, a plaintiff may file a claim in court no sooner than 90 days after the filing of her MCAD complaint, absent written permission from a commissioner, but "not later than three years after the alleged unlawful practice occurred." Mass. Gen. Laws ch. 151B, §§ 5, 9; *see Alston v. Massachusetts*, 661 F. Supp. 2d 117, 124 (D. Mass. 2009*); see also Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521, 750 N.E.2d 928, 936 n. 11 (2001) (claims under chapter 151B are "subject to two statutes of limitations," alternatively 300 days and three years). Unlike under Title VII, a plaintiff need not wait for the resolution of the MCAD investigation; the filing of a lawsuit triggers the dismissal of the MCAD complaint if it has not already been resolved by MCAD. Mass. Gen. Laws ch. 151B, § 9.

*Goldstein*, 80 F. Supp. 3d at 323–24 (footnote omitted); *Kern v. Income Research & Mgmt.*, No. CV 15-14114-LTS, 2017 WL 631188, at *2 n. 1 (D. Mass. Feb. 15, 2017).

F. Supp. 2d 138, 143 (D. Mass. 2012), *aff'd*, 714 F.3d 29 (1st Cir. 2013) ("the dismissal of federal claims which form the basis for a district court's original jurisdiction does not automatically divest the court of its supplemental jurisdiction over pendant state-law claims but does require the court to assess pragmatically whether retaining jurisdiction is in the interest of 'fairness, judicial economy, convenience, and comity.'" (quoting *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir.1998)). Plaintiff may refile the chapter 151B claim in an amended complaint.

V. Conclusion.

For the reasons stated, it is ORDERED that Defendants' Motion to Dismiss (#16) is GRANTED WITHOUT PREJUDICE to plaintiff filing an amended complaint that complies with the law as set out in this Memorandum.

March 11, 2019

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge