UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


DESMOND M. NGOMBA,
      Plaintiff,


      v.                                 CIVIL ACTION NO. 18-11352-MPK[1]


TONG OLEE,
MELISSA ACELLO,
SUSAN BUNHAM,
RESOURCES FOR HUMAN DEVELOPMENT,
      Defendants.



MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT (#40).


KELLEY, U.S.M.J.

## I. Introduction.

Desmond M. Ngomba filed a pro se complaint on June 26, 2018, alleging retaliatory discrimination based on national origin. (#1.) Denial of requested leave under the Family Medical Leave Act (FMLA) was part of the alleged retaliation. *Id.* Defendants' motion to dismiss the complaint was granted, and plaintiff was given leave to file an amended complaint. (#31.)

Plaintiff retained an attorney, and on August 13, 2019, counsel filed a two-count amended complaint alleging a claim of interference with FMLA rights (Count I) and retaliatory termination for exercising FMLA rights (Count II). (#38.) Defendants have once again moved to dismiss for

---

[1] With the parties' consent, this case has been assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (##40, 44.) Plaintiff opposes the motion. (#41.)

## II. The Facts.

The relevant facts are taken from the first amended complaint, the operative pleading. *Coll. Hill Properties, LLC v. City of Worcester*, 821 F.3d 193, 195 (1st Cir. 2016). In May 2015, Mr. Ngomba was hired by defendant Resources for Human Development (RHD) to work as a mental health advocate primarily at an RHD office located in Somerville, Massachusetts. (#38 ¶ 25.) The three individuals named as defendants are all employees of RHD: Tong Olee is a program director, Melissa Acello is a manager, and Susan Bunham is the regional director in Boston. *Id.* ¶¶ 7-9.

Plaintiff was raised from childhood by his aunt, who essentially stood in loco parentis to him. *Id*. ¶ 28. In September 2016, his aunt was diagnosed with a terminal illness. *Id*. ¶ 27. Mr. Ngomba informed defendants of his relationship with his aunt, i.e., that he viewed her as a parent, and her medical prognosis. *Id.* ¶¶ 29, 30.

In May 2017, plaintiff requested leave/FMLA from John Salle, his program manager. *Id.* ¶ 31. Not being versed in the FMLA, Mr. Salle referred Mr. Ngomba to his supervisor, Ms. Acello. *Id*. Following Mr. Salle's advice, plaintiff requested leave/FMLA from Ms. Acello. *Id.* ¶ 32. Ms. Acello told plaintiff to request the leave directly from her supervisor, Mr. Olee, because she did not want anything to do with the FMLA. *Id.*

In June 2017, Mr. Ngomba requested leave/FMLA from Mr. Olee "so that he could care for his aunt, who had been transferred to hospice care." *Id.* ¶ 33. Mr. Olee denied the request because RHD was understaffed, but told plaintiff that if his aunt's condition deteriorated, they could revisit the issue. *Id.* In July and August 2017, Mr. Ngomba repeated his request for

leave/FMLA, but Mr. Olee's response remained the same. *Id.* ¶ 34. Plaintiff's aunt died on September 5, 2017. *Id.* ¶ 35.

On November 3, 2017, plaintiff called in sick to work following a sixteen-hour shift. *Id.* ¶ 36. When his condition did not improve, Mr. Ngomba again called in sick the following day. *Id.* ¶ 37. On November 5, 2017, plaintiff was notified by RHD that he was terminated from employment, effective immediately, for abandonment of his position. *Id.*

In Count I, a claim for interference with the right to take leave, plaintiff alleges that defendants "dissuaded and discouraged [him] from taking FLMA leave, thereby interfering with his rights to FLMA leave." *Id.* ¶ 45. By discouraging Mr. Ngomba from taking FLMA leave, and denying his request for FLMA leave, defendants are alleged to have violated "the applicable statutes and regulations." *Id.* ¶ 46. In Count II, a claim for retaliatory termination for exercising FLMA rights, Mr. Ngomba alleges that "[b]y terminating [him] after his numerous attempts to exercise his rights under FMLA, and denying his request for FLMA leave, [d]efendants failed to comply with the applicable statutes and regulations." *Id.* ¶ 51.

### III. The Applicable Standard.

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *A.G. ex rel. Maddox v. Elsevier,*

*Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross the "line from conceivable to plausible[.]" *Id.* at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *Id.* at 679.

IV. Discussion.

As a threshold matter, defendants argue that the amended complaint should be dismissed because the funeral/bereavement leave sought by plaintiff was not a qualifying reason for leave under the FMLA. This argument is based not on the allegations of the amended complaint, but rather on the allegations of the original complaint and an MCAD complaint filed by Mr. Ngomba. (#1; #30.) In the MCAD complaint, plaintiff asserted that "[i]n or about August 2017, my aunt's health took a turn for the worse and I filled out a request for FMLA leave, to begin in November and to last for ninety days." (#30 ¶ 7.) The claim in the original complaint was more general: "I

4

was discriminated against because of my national origin, FMLA denied and retaliation." (#1 at 6.) Defendants contend that plaintiff is recasting the facts to avoid dismissal. While no supporting case law has been cited, defendants appear to be invoking judicial estoppel to foreclose the claims in the amended complaint.

"Judicial estoppel is an equitable doctrine that 'prevent[s] a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding.'" *RFF Family P'ship, LP v. Ross*, 814 F.3d 520, 527 (1st Cir. 2016) (quoting *Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010)). Appropriate application of this doctrine requires:

> First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive. Second, the responsible party must have succeeded in persuading a court to accept its prior position. There is also a third oft-considered factor that asks whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Guay v. Burack*, 677 F.3d 10, 16 (1st Cir. 2012) (internal citations and quotation marks omitted); *RFF Family P'ship,* 814 F.3d at 528. At a minimum, the second condition has not been met here. "To demonstrate acceptance of the prior position by a court, a party need not show that the earlier representation led to a favorable ruling on the merits of the proceeding in which it was made, but must show that the court adopted and relied on the represented position either in a preliminary matter or as part of a final disposition." *RFF Family P'ship,* 814 F.3d at 528 (internal citations and quotation marks omitted). Since the original complaint in this case was dismissed, it cannot be shown that the Court adopted or relied on plaintiff's position. The elements of judicial estoppel are not satisfied.[2]

---

[2] In an analogous case, the First Circuit wrote:

Defendants next argue that Count I, the FLMA interference claim, should be dismissed because it was filed outside the two-year statute of limitations. *See* 29 U.S.C. § 2617(c)(1) ("an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought"). Plaintiff counters that the amended claim relates back to the original complaint under Rule 15(c), and so was filed within the limitations period.

The relevant rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In practice,

> The First Circuit generally allows relation back for 'technical errors' but will not allow relation back for claims 'not even suggested in the original complaint.' *O'Loughlin v. Nat'l R.R. Passenger Corp.*, 928 F.2d 24, 26-27 (1st Cir. 1991) citing 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE, § 1497 (2d ed. 1990). Between those two poles, courts look to see whether 'the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim.' *Id.* This analysis 'is directed to conduct rather than causes of action,' *Zee-Bar, Inc. v. Kaplan*, 162 F.R.D. 422, 426 (D.N.H. 1993), and new legal theories may relate back to the original filing where — as here — there is a shared basis in factual circumstances.

*Iconics, Inc. v. Massaro*, No. CV 11-11526-DPW, 2016 WL 199407, at *5 (D. Mass. Jan. 15, 2016); *Dahl v. Bain Capital Partners*, LLC, 760 F. Supp. 2d 196, 199-200 (D. Mass. 2011).

---

That is not to say that statements made in a superseded complaint are null and void for all purposes. Under certain circumstances, such statements may be party admissions, usable as such despite subsequent amendment of the complaint. That does not mean, however, that a plaintiff is strictly bound by its initial complaint. An amended complaint supersedes the original complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader. Absent some sign of unfair advantage— and none exists here—the mere retraction of statements made in an original complaint does not justify the invocation of judicial estoppel.

*InterGen N.V. v. Grina*, 344 F.3d 134, 144-45 (1st Cir. 2003) (internal citations omitted).

There is no dispute that the original complaint was filed within the FMLA statute of limitations. The question is whether the original and amended complaints "are tied to a common core of operative facts[.]" *Mayle v. Felix*, 545 U.S. 644, 664 (2005). The facts alleged in both pleadings involve Mr. Ngomba's attempts from May 2017 through August 2017 to schedule and take FMLA leave. Defendants were adequately notified of the conduct upon which the interference claim is based; there is a "shared basis in factual circumstances."[3] Count I of the amended complaint relates back to the original complaint and, consequently, is not time-barred.

Lastly, Count II, the FMLA retaliation claim, is said to be deficient because plaintiff has failed to allege a plausible causal connection between his last request for FMLA leave and his termination.[4] According to the allegations of the amended complaint, plaintiff requested FMLA leave in May, June, July, and August of 2017, but leave was denied because RHD was short-staffed. Mr. Ngomba was not terminated until November 2017 after calling in sick for two days. Defendants contend that no facts are alleged to support a causal connection between the events. This deficiency was noted by the Court in dismissing the original complaint, and it has not been rectified. *Ngomba v. Olee*, No. CV 18-11352-MPK, 2019 WL 1119588, at *4 (D. Mass. Mar. 11, 2019) ("Ngomba gives no facts, beyond the timing of his discharge, which would suggest the defendants took his FMLA requests into account in deciding to discharge him").

---

[3] The case upon which defendants rely, *O'Loughlin v. Nat'l R.R. Passenger Corp.*, 928 F.2d 24, 26 (1st Cir. 1991), is distinguishable in that it involved a plaintiff who reportedly sustained injuries in two separate incidents, two months apart. The original complaint asserted a claim for the later accident, while the amended complaint alleged a claim for the earlier accident. *Id.* Affirming the district court, the First Circuit found "no allegation of facts that could be said to give [defendant] fair notice of the general fact situation out of which the claim in the amended complaint arose." *Id.* at 27.

[4] "In order to make out a prima facie case of retaliation, the employee must show that (1) [she] availed [herself] of a protected right under the FMLA; (2) [she] was adversely affected by an employment decision; [and] (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action.'" *Chase v. United States Postal Serv.*, 843 F.3d 553, 558 (1st Cir. 2016) (internal citation and quotation marks omitted).

Plaintiff argues that temporal proximity is "only a factor in a retaliation claim, and not determinative." (#41 at 7.) That is true. The First Circuit clearly requires that more be pled to move the causation element of a retaliation claim from possible to plausible:

> while temporal proximity is one factor from which an employer's bad motive can be inferred, by itself, it is not enough—especially if the surrounding circumstances undermine any claim of causation. . . .
>
> [Plaintiff] gives us no facts beyond the timing of her discharge—*e.g.*, no negative comments, complaints, or expressions of reluctance by her superiors or co-workers about her FMLA leave-taking, no discussion of her FMLA leave status in performance reviews, etc.—that would lead us to think that defendants took her FMLA requests or leave status into account when deciding to discharge her.

*Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 720 (1st Cir. 2014); *Germanowski v. Harris*, 854 F.3d 68, 74 (1st Cir. 2017) ("the notion that temporal proximity is not always enough must also be correct"). In this case, all Mr. Ngomba has alleged with respect to causation is temporal proximity.

Considering the amended complaint in its totality, apart from the repeated FLMA requests made three months before his termination, plaintiff has alleged no facts to support a connection between those requests and the adverse employment action. The facts as alleged do not plausibly support a finding that plaintiff's termination was causally connected to his prior requests for FMLA leave. As such, Count II fails to state a retaliation claim.

V. <u>Conclusion and Order</u>.

For the reasons stated, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (#40) is GRANTED to the extent that Count II of the amended complaint is dismissed, and otherwise, DENIED.

January 9, 2020

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge